IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

LARRY DONNY BATES                                                                        PETITIONER
ADC #105170

V.                                        NO. 5:04CV00347 JWC

LARRY NORRIS, Director,                                                                  RESPONDENT
Arkansas Department of Correction

## ORDER

By judgment entered May 6, 2005 (docket entry #12), this 28 U.S.C. § 2254 petition for writ of habeas corpus was dismissed. On June 6, 2005, Petitioner filed in this Court a pro se notice of appeal, stating that a "certificate of probable cause will follow this appeal shortly hereafter" (docket entry #13). Nothing further has been filed.

Before a federal habeas petitioner may proceed with an appeal, he must seek and obtain a certificate of appealability (COA).[1] 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b); Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (COA is jurisdictional prerequisite to an appeal). In the absence of a separate application for COA, a notice of appeal should be treated as such an application. See Slack v. McDaniel, 529 U.S. 473, 483 (2000); Fed. R. App. P. 22(b)(2) (requiring such treatment by court of appeals); Fed. R. Civ. P. 8(f) (pleadings should be construed so as to do "substantial justice"). Accordingly, Petitioner's pro se notice of appeal will be construed as a request for a COA.

To be entitled to a COA, an applicant must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A substantial showing is a demonstration that reasonable jurists could debate whether the petition should have been resolved in a

---

[1] A "certificate of probable cause" was the terminology used prior to enactment of the Antiterrorism and Effective Death Penalty Act of 1996.

different manner, or that the issues presented deserve further proceedings.  Slack, 529 U.S. at 483-84.  Where a claim is denied on procedural grounds without reaching the underlying constitutional issues, a COA should be granted when the applicant shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right **and** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. (emphasis added).  Where a plain procedural bar is present, the district court may decline to issue a COA without examining whether a constitutional error has been shown.  Id. at 484-85.

In the instant case, the Court found that the entire petition was untimely, having been filed more than fifteen months past the deadline established in 28 U.S.C. § 2244(d) (docket entry #11).  The untimeliness was clear, and Petitioner failed to establish that the limitations period should be tolled or otherwise extended under any statutory provisions or equitable principles.  Petitioner's notice of appeal makes no legal arguments whatsoever, thus failing to make a substantial showing that reasonable jurists would differ as to this Court's basis for dismissal, or that the petition is otherwise entitled to further review.

Accordingly, Petitioner has failed to make a sufficient showing under 28 U.S.C. § 2253(c)(2), and he is, therefore, not entitled to a certificate of appealability.  The Clerk of the Court is directed to forward this order, along with the file of this Court's proceedings, to the Eighth Circuit Court of Appeals in accordance with Fed. R. App. P. 22(b)(1).

IT IS SO ORDERED this 6th day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2